**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sylva Corporation, Inc.,

Plaintiff,

v.

SafetyFirst Specialty Contracting, Inc,
SafetyFirst Playground Maintenance LLC, and
SafetyFirst Playground Surfacing LLC,

Defendants.

Case No. 24-cv-3745 (JWB/SGE)

**ORDER**

---

This matter is before the Court upon the Motion to Amend Pretrial Scheduling Order by Defendants SafetyFirst Specialty Contracting, Inc, SafetyFirst Playground Maintenance LLC, and SafetyFirst Playground Surfacing LLC (collectively, "SafetyFirst"). (Dkt. 151.) Specifically, SafetyFirst seeks an extension of the deadline to file motions to amend the pleadings from October 1, 2026, to November 1, 2026. For the reasons set forth below, the Court denies the Motion.

**ANALYSIS**

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's broad discretion in establishing and enforcing the deadlines in the scheduling order." *Portz v. St. Cloud State University*, No.

16-1115, 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (internal quotations and citations omitted). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance[.]" *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

SafetyFirst seeks to amend the scheduling order to extend the motion to amend deadline by thirty days to November 1, 2026. (*See* Dkt. 146, at 4.) SafetyFirst argues that there is good cause to do so because Sylva submitted delayed and incomplete responses to their discovery requests that SafetyFirst could not review and assess before the October 1, 2026, motion to amend deadline. SafetyFirst argues that once it is able to complete the review of Sylva's recent discovery responses, it may seek to amend its Answer to assert counterclaims for tortious interference, violations of the Lanham Act and/or the Minnesota Deceptive Trade Practices Act, and/or malicious prosecution. Sylvan objects to the Motion, arguing that SafetyFirst has not been diligent and is responsible for any delays in discovery that led to these circumstances. The Court agrees.

The Complaint in this matter was filed on September 26, 2024. (Dkt. 1.) The Court issued the first Pretrial Scheduling Order on December 12, 2024, and a deadline to amend pleadings or add parties was originally set for March 7, 2025. (Dkt. 17.) SafetyFirst was therefore entitled to serve discovery on Plaintiff any time thereafter.

During the two years this case has been pending, the Court has permitted two amendments of the Complaint, made various adjustments to the scheduling order, and presided over two motions to dismiss. SafetyFirst had multiple opportunities to seek the relevant discovery and to assert counterclaims but did not. Given this posture, the argument

that SafetyFirst does not yet have enough information to determine whether any of the above-mentioned counterclaims may be brought is difficult to credit. Counterclaims are typically brought at the outset of the case or soon into the discovery process. Here, discovery has been ongoing for almost two years. If SafetyFirst believed that it needed certain information to assess potential counterclaims, it could have served discovery requests crafted to elicit that information many months ago. Instead, SafetyFirst waited until August 12, 2026, fifty days before the amended motion to amend deadline of October 1, 2026, to do so. (Blades Decl. ¶ 9.) On September 10, 2026, SafetyFirst extended Sylva's deadline to respond to the August 12th discovery requests to September 25, 2026. (Boehning Decl. Ex A, at 3-4.) Although the motion to amend deadline would be just days away when responses were due, SafetyFirst did not request an extension to the deadline at that time. (*See id.*) It first did so on September 29, 2026, two days before the deadline. (*Id.* at 1-2.) Counsel for Sylva could not meet and confer meaningfully on the issue before the deadline, which caused SafetyFirst to file this Motion. (*Id.*) Under these circumstances, the Court cannot conclude that SafetyFirst has been diligent in attempting to meet the order's requirements and does not find good cause to amend the scheduling order as requested.

Accordingly, **IT IS HEREBY ORDERED THAT** the Motion to Amend the Pretrial Scheduling Order (Dkt. 151) is **DENIED**.

Date: October 13, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge